IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

EMILY E. DICENSO, )
  )
      Plaintiff, )
  )
v. ) Case No. CIV-17-525-BMJ
  )
NANCY A. BERRYHILL, )
Acting Commissioner of )
Social Security Administration, )
  )
      Defendant. )

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Emily E. DiCenso, brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration's final decision finding she was not disabled under the Social Security Act. The parties have consented to the exercise of jurisdiction over this matter by a United States Magistrate Judge. *See* 28 U.S.C. § 636(c). The Commissioner has filed the Administrative Record (AR) [Doc. No. 9], and both parties have briefed their respective positions.[1] For the reasons stated below, the Court reverses the Commissioner's decision and remands the matter for further proceedings.

**I.    Procedural Background**

On September 13, 2013, Plaintiff protectively filed an application for supplemental security income (SSI), alleging disability beginning October 1, 2011. *See* AR 44. The Social Security Administration (SSA) denied the application initially and on reconsideration. AR 138-139. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision dated December 29, 2015. AR 41-61. The Appeals Council denied Plaintiff's request for review. AR

---

[1] Citations to the parties' submissions reference the Court's ECF pagination.

1-7. Thus, the decision of the ALJ became the final decision of the Commissioner. Plaintiff seeks judicial review of this final agency decision.

## II.     The ALJ's Decision

The ALJ followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (explaining five-step sequential evaluation process); *see also* 20 C.F.R. § 416.920. The ALJ first determined Plaintiff had not engaged in substantial gainful activity since September 13, 2013, the application date. AR 46.

At step two, the ALJ determined Plaintiff suffered from the severe impairments of degenerative disc disease, scoliosis, status post 2007 spinal fusion and revision in 2008; irritable bowel syndrome and colon resection with pelvic floor dysfunction; migraines; episodes of syncope; and status post bone spur removal. AR 46-48.[2] At step three, the ALJ found Plaintiff's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 48-49.

The ALJ next determined Plaintiff's residual functional capacity (RFC), concluding:

> [Plaintiff] has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except: never climb ladders, ropes, or scaffolds: occasionally climb ramps and stairs: occasionally balance and stoop; never kneel, crouch, or crawl: occasional exposure to hazards such as hazardous moving machinery, raw chemicals or solutions, and unprotected heights; and allow for a sit stand option alternatively at will one time per hour for 5 minutes.

AR 49-54. The ALJ determined Plaintiff had no past relevant work. AR 54. Relying on the testimony of a vocational expert (VE), the ALJ found there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform—addresser, touch up

---

[2] The ALJ also found Plaintiff had non-severe impairments of affective disorder, anxiety disorder, and somatoform disorder. AR 46-48.

screener, and order clerk. AR 54-55. The ALJ concluded, therefore, that Plaintiff was not disabled for purposes of the Social Security Act. AR 55.

## III.     Issues Presented for Judicial Review

Plaintiff seeks judicial review raising two claims of error. First, Plaintiff claims the ALJ erred by failing to determine that she was disabled at step three. Next, Plaintiff contends the ALJ erred in her credibility analysis. The Court finds no error at step three. However, the Court finds the ALJ erred in assessing Plaintiff's credibility, thus remand is warranted.

## IV.     Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

V. **Analysis**

   **A. The ALJ's Step Three Analysis / Listing 5.06(A) – Inflammatory Bowel Disease**

At step three, the ALJ considers whether a claimant's impairments meet or equal a listed impairment. *See Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Listings describe impairments the SSA considers per se "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 416.925(a). Plaintiff bears the "step three burden to present evidence establishing her impairments meet or equal listed impairments." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005). To satisfy this burden, Plaintiff must show her impairments, considered alone or in combination, "meet all of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis omitted). "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Id.* Further, a claimant's impairment must meet the duration requirement in order to be considered disabled, i.e., it must have lasted or be expected to last for a continuous period of at least twelve months. 20 C.F.R. §§ 416.909, 416.920(a)(4)(iii).

At the hearing, Plaintiff's counsel asserted Plaintiff met the requirements of Listing 5.06(A).[3] AR 66-71. This portion of Listing 5.06 states:

> *Inflammatory bowel disease (IBD)* documented by endoscopy, biopsy, appropriate medically acceptable imaging, or operative findings with:
>
> A. Obstruction of stenotic areas (not adhesions) in the small intestine or colon with proximal dilation, confirmed by appropriate medically acceptable imaging or intimal decompression or for surgery, requiring hospitalization for intimal decompression or for surgery, and occurring on at least two occasions at least 60 days apart within a consecutive 6-month period[.]

---

[3] Subsection B provides an alternate basis to meet the requirements of Listing 5.06, but Plaintiff does not assert she qualifies under such criteria.

20 C.F.R., pt. 404, subpt. P, App. 1, § 5.06.[4]  With regard to this listing, the ALJ found:

> In February 2014 and in May 2014, [Plaintiff] was seen for symptoms of a bowel obstruction. She underwent a decompression on September 4, 2014. CT examination from January 15, 2015 indicated no CT findings for mechanical bowel obstruction. In January 2015, gastric emptying test was normal with normal colonic transit time. Radionuclide gastric emptying, small bowel, and colon transit study was normal with imaging to 24 hours. After September 2014, there was no evidence of a bowel obstruction, thus 12-month duration was not met for the bowel obstruction.
>
> [Plaintiff] has been diagnosed with irritable bowel syndrome. She does not have evidence of ascites, strictures, obstructions, fistula, varices, significant weight loss, laboratory findings (such as albumin or bilirubin), or a need for transfusions. She has not had a liver biopsy. She does not meet the requirements for a listed digestive system impairment.

AR 48-49 (citations omitted).

Plaintiff claims that she meets the requirements of Listing 5.06(A).[5]  Plaintiff, however, cannot overcome the ALJ's finding that she does not have strictures—i.e., a narrowing. Listing 5.06(A) requires, among other things, the "obstruction of stenotic areas"—i.e., narrowed areas. Although Plaintiff claimed in her opening brief that she did have an obstruction of a stenotic area, Pl's Br. 8-9, she did not point to any portion of the record which contains a positive diagnosis of a stenotic area in her small bowel. And, while it is not the "court's duty to scour without guidance

---

[4] "[IBD] includes, but is not limited to Crohn's disease and ulcerative colitis." *Id.* at § 5.00(E)(1).

[5] Plaintiff also asserts the ALJ incorrectly concluded the bowel obstructions did not meet the twelve-month duration requirement. This argument appears to have merit—Plaintiff was diagnosed with small bowel obstructions from February 2014 through January 2015. AR 925-926, 954 1102, 1443. Furthermore, Plaintiff submitted evidence to the Appeals Council showing that Plaintiff had a suspected partial small bowel obstruction on December 29, 2015, AR 1597, evidence the Court is obligated to consider. *See O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994) ("[N]ew evidence becomes part of the administrative record to be considered when evaluating the Secretary's decision for substantial evidence."). The error, however, is harmless with regard to the alleged error at step three because Plaintiff did not meet each of the requirements of Listing 5.06(A).

a voluminous record," *see N.M. Off-Highway Vehicle All. v. U.S. Forest Serv.*, 645 F. App'x 795, 803 (10th Cir. 2016), the Court's review of the record did not uncover such a diagnosis. Thus, because the ALJ found Plaintiff did not have strictures, her finding that Plaintiff did not meet Listing 5.06(A) is based on substantial evidence.

### B. The ALJ Erred in the Credibility Analysis

Plaintiff takes issue with the ALJ's analysis of her credibility. Here, the ALJ found that Plaintiff's testimony—particularly Plaintiff's assertion that she was bedridden at times—was inconsistent with her work as a yoga instructor and as a physical therapy technician, with her ability to attend college classes, her exercising at home, and her travel to Chicago and St. Louis. AR 51. The ALJ also cited medical records from 2013 and 2015 related to Plaintiff's back and findings from Plaintiff's visit to the Mayo Clinic regarding her chronic gastrointestinal symptoms. AR 51-52, 1366, 1371, 1376, 1440-1450. The ALJ concluded that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her stated symptoms were not entirely credible. AR 52.

The Court will not disturb an ALJ's credibility findings if they are supported by substantial evidence because "[c]redibility determinations are peculiarly the province of the finder of fact." *Cowan v. Astrue*, 552 F.3d 1182, 1190 (10th Cir. 2008) (*citing Diaz v. Secretary of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990). Credibility findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Id*. (*citing Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir.1988) (footnote omitted)). The ALJ may consider a number of factors in assessing a claimant's credibility, including "the levels of medication and their effectiveness, the extensiveness of the attempts . . . to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that

6

are peculiarly within the judgment of the ALJ, . . . and the consistency or compatibility of nonmedical testimony with objective medical evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995).

In this case, the ALJ engaged in impermissible picking and choosing from the medical record regarding Plaintiff's abdominal issues. *See Hardman*, 362 F.3d 676, 681 (10th Cir. 2004) (finding an ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."); *see also Clifton*, 79 F.3d at 1009-10 (an ALJ need not "discuss every piece of evidence" but "must discuss the uncontroverted evidence he chooses not to rely on as well as significantly probative evidence he rejects."). In conjunction with assessing Plaintiff's credibility, the ALJ addressed Plaintiff's January 2015 visit to the Mayo Clinic in which various test results were normal and did not suggest a mechanical bowel obstruction.[6] AR 51-52. The ALJ, however, did not reference Dr. L.A. Szarka's impression—from the Mayo Clinic visit—of "intermittent intestinal obstructive symptoms" on January 29, 2015. AR 1443. The credibility analysis also completely omits Plaintiff's hospitalizations on February 6-9, 2014, May 7-8, 2014, and September 2014 for small bowel obstructions. During such hospitalizations, Plaintiff underwent decompression procedures.[7] AR 925-926, 954, 1102. By omitting this evidence from the credibility analysis, the ALJ picked and chose with regard to Plaintiff's bowel obstructions and impermissibly mischaracterized the record as a result.

---

[6] The ALJ did note, however, that a pelvic floor assessment was abnormal. AR 51.

[7] The ALJ also mischaracterized these events in the step-three analysis. There, the ALJ failed to indicate that Plaintiff was hospitalized for any of these occurrences and only referenced the September 2014 decompression. AR 48.

## VI. Conclusion

For the reasons set forth, the Court reverses the decision of the Commissioner and remands the matter for further proceedings consistent with this Memorandum Opinion and Order.

ENTERED this 31st day of January, 2018.

BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE